HOLLOWAY, Circuit Judge,
dissenting:
Because I am persuaded that the district judge decided the issues correctly and supported her decision amply in her Memorandum Opinion and Order, I would affirm her order denying summary judgment on grounds of qualified immunity to Defendant-Appellant Strain.
I
The majority quotes the correct standards for our review of this interlocutory *848 appeal but, in my view, fails to adhere to those standards. The majority notes that “it is not our province to determine whether the record supports the district court’s factual assumptions” and that instead “we simply take, as given, the facts that the district court assumed when it denied summary judgment for a purely legal reason.” Maj. op. at 838-39 (quoting Bowling v. Rector, 584 F.3d 956, 963 (10th Cir.2009) (emphasis added)). The majority is also correct that where the district court has found that a reasonable jury could make certain findings based on the plaintiffs evidence, “we usually must take them as true—and do so even if our own de novo review of the record might suggest otherwise as a matter of law.” Maj. op. at 845 (quoting Lewis v. Tripp, 604 F.3d 1221, 1225 (10th Cir.2010)).
But the majority proceeds to undertake exactly the examination of the district court’s factual assumptions that it purports to eschew and that binding precedent forbids. Noting that our review is limited to “neat [,] abstract issues of law,” as Johnson v. Jones requires and as we have since recognized numerous times, the majority makes no attempt to identify such an issue in this case, and understandably so because there is no such issue.
The only exception to the principle that we simply accept the district court’s findings of fact applies only in that rare case in which the district court’s view of the facts is “blatantly contradicted by the record.” Id. (quoting Lewis, which in turn was quoting Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)). But nowhere in the majority’s opinion is any finding or factual assumption shown to be “blatantly contradicted by the record.” Instead, the majority proceeds to do just what it said we should not, scouring the record de novo to determine whether the record supports the district court’s factual findings. It may be helpful to remember the reasons underlying the principle that we take the district court’s findings and assumptions of fact as true “even if our own de novo review of the record might suggest otherwise as a matter of law.”
The reasons were set out in a unanimous opinion from the Supreme Court, Johnson v. Jones, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). There the Court noted that
the issue here at stake — the existence, or nonexistence, of a triable issue of fact — is the kind of issue that trial judges, not appellate judges, confront almost daily. Institutionally speaking, appellate judges enjoy no comparative expertise in such matters. And, to that extent, interlocutory appeals are less likely to bring important error-correcting benefits here than where purely legal matters are at issue....
For another thing, questions about whether or not a record demonstrates a “genuine” issue of fact for trial, if ap-pealable, can consume inordinate amounts of appellate time. Many constitutional tort cases, unlike the simple “we didn’t do it” case before us, involve factual controversies about, for example, intent — controversies that, before trial, may seem nebulous.
Id. at 316, 115 S.Ct. 2151 (internal citations omitted).
The majority, however, in direct contradiction of the standard of review it expressly recognizes, proceeds to reverse the district court in this case “[b]ecause the record is devoid of any evidence that supports” inferences drawn by the district court. Maj. op. at 845. As I will show below, the majority errs in its reading of the record, which does include evidence to support the district court’s inferences. But the larger point is that undertaking this review of the record is “not our province.” Bowling, 584 F.3d at 963.
*849 The majority cites Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 167 L.Ed.2d 686, as authority for its stark departure from over fifteen years of decisions in the wake of Johnson v. Jones. Scott v. Harris, however, stands only for the proposition, as already quoted, that the reviewing court may, in unusual circumstances such as those present in that case, determine if the district court’s view of the evidence is “blatantly contradicted by the record.” The majority also quotes Scott’s unremarkable statement that at the summary judgment stage, courts “draw all inferences in favor of the nonmoving party to the extent supportable by the record.... ” Maj. op. at 845. But Scott simply does not overrule or abrogate the holding of Johnson v. Jones that it is for the district court to make the determination of what is supported by the record.
We recognized this when we said, after Scott, that we “consider only whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment” and that “[i]t is not the job of the appellate court to determine whether the record supports the district court’s factual assumptions.” Dixon v. Kirkpatrick, 553 F.3d 1294, 1301 (10th Cir.2009) (internal citation omitted). As already noted, we said the same thing in Rector, and the majority actually quotes this principle before proceeding in contravention of it.
Similarly, we have described the holding of Scott as applying only “in the most limited of circumstances.” Mascorro v. Billings, 656 F.3d 1198, 1202, n. 1 (10th Cir.2011). We noted that the exceptional circumstances in Scott involved the existence in the record of a videotape that “clearly contradicted” the plaintiffs version of events. We went on to say that we “will not hear an appeal when the question is the sufficiency of the evidence or the correctness of the district court’s findings with respect to a genuine issue of material fact.” Id. at 1204, n. 6.
In addition to relying on the inapposite holding of Scott v. Harris, the majority also cites three of our cases as purportedly supporting its marked departure from precedent and making it our province to determine whether the record supports the district court’s factual assumptions. The third of these, Blossom v. Yarbrough, 429 F.3d 963, 967 (10th Cir.2005), as the majority notes, merely suggests that there might be some cases where a reviewing court could depart from the usual principle. Thus, it is no authority for ignoring the well established limits of our review in interlocutory appeals. The majority also cites Serna v. Colorado Dept. of Corrections, 455 F.3d 1146, 1150-51 (10th Cir. 2006), and Thomson v. Salt Lake County, 584 F.3d 1304, 1312 (10th Cir.2009). To the extent that Serna and Thomson do hold that we can review the evidence de novo to see if the district court’s findings are supported by the record, I would recognize that those cases are contrary to Johnson v. Jones and numerous cases from our court and so not binding on us here.
In sum, this interlocutory appeal involves no neat, abstract issue of law, and the majority does not even attempt to identify such an issue. The district court found that the evidence submitted on summary judgment was sufficient for a reasonable jury to infer that Defendant violated Plaintiffs constitutional rights. We have no jurisdiction to review that holding. The majority’s detailed and thorough (but flawed) examination of the record is in contravention of the well established limits of our jurisdiction here. I must dissent from this approach.
*850 II
Even if our limited jurisdiction in this interlocutory appeal were to include the de novo review of the evidence underlying the district court’s determinations — which it most certainly does not, as I have explained — I would still be unable to agree with the majority’s holding because the majority makes another error in its evi-dentiary review. The majority (at p. 843) rejects Plaintiffs evidence that Defendant Strain subjected other African-American truck drivers to intrusive inspections on the same day that he was detained at the Port of Entry, deeming this evidence to be statistical evidence that is too weak to be reliable because of a small sample size. That legal principle, however, does not apply to this evidence, which is not merely statistical evidence.
When faced with a claim of discriminatory enforcement practices by an individual officer, we have described similar evidence as seeking to prove the plaintiffs case “not by means of statistical inference but by direct evidence of [the officer’s] behavior during the events in question, ... and [the officer’s] alleged record of racially selective stops and arrests in drug cases under similar circumstances.... ” Marshall v. Columbia Lea Regional Hospital, 345 F.3d 1157, 1168 (10th Cir.2003) (emphasis added).[1] The majority’s rejection of Mr. Blackwell’s evidence is contrary to the holding of that case.
Conclusion
Because binding precedent does not permit us to rule on the sufficiency of the evidence supporting the district court’s factual findings and the inferences reasonably drawn therefrom, I dissent from the majority’s view of the boundaries of our jurisdiction. I am further convinced that the majority errs in disregarding evidence of Defendant’s behavior with other African-American drivers at the relevant time.
Accordingly, I respectfully dissent.

. I note that Defendant does not assert that the evidence of his own actions should have been disregarded as statistical evidence based on a sample of insufficient size. See Appellant's Reply Brief at 16-17.